UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JULIAN CONCEPCION-BAEZ,
                Petitioner,

                **MEMORANDUM & ORDER**

-against-

                02 CV 5287

UNITED STATES OF AMERICA,
                Respondent.
-----------------------------------------------------X
DEARIE, Chief Judge.

On May 3, 2001, petitioner pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On October 5, 2001, he was sentenced by the Honorable Reena Raggi to 108 months imprisonment, the low end of the applicable range under the United States Sentencing Guidelines. He did not appeal.

Petitioner challenges his sentence pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective for failing to obtain safety valve relief under §5C1.2 of the United States Sentencing Guidelines and failing to translate documents into Spanish. For the reasons set forth below, petitioner is not entitled to relief.

## Discussion

Petitioner's challenge to his sentence is foreclosed by his knowing and voluntary waiver of his right to appeal or otherwise challenge a sentence at or below 168 months as part of his plea agreement. (Plea Agreement ¶ 4); see United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) (enforcing waiver against appeal); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (enforcing waiver against collateral attack). Although such a waiver does not preclude a subsequent challenge to the validity of the plea process itself, see Frederick v.

Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002) (plea process may be attacked despite waiver); United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (waiver not enforceable against claim agreement entered into without effective assistance of counsel), a valid waiver will be upheld against a challenge to the correctness of a sentence. Such a challenge is "barred by the plain language of the waiver contained in [the] plea agreement," and the Second Circuit has noted that if "a claim of ineffective assistance of counsel at sentencing [were allowed] as a means of circumventing plain language in a waiver agreement, the waiver . . . provision would be rendered meaningless." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam); see also Hernandez, 242 F.3d at 114 (if process by which plea agreement was consummated is constitutional, issues within scope of waiver including sentencing issues cannot be considered). To permit "escape [from] the fairly bargained-for consequences of [an] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." Monzon, 359 F.3d at 117 (internal quotation marks and citation omitted).

The record clearly demonstrates that petitioner's waiver was knowing and voluntary. See Garcia-Santos, 273 F.3d at 508 (facts that support finding waiver knowing and voluntary include that plea agreement was signed, that at plea proceeding petitioner stated he had read and understood the plea agreement, and that petitioner did not claim not to understand the waiver in his Section 2255 petition). At the plea colloquy, petitioner acknowledged that he had signed the plea agreement and that the agreement had been translated for him. (Plea 9.) In addition, he stated that he understood and discussed the agreement with his lawyer. (Id.) Judge Raggi read the portion of the plea agreement containing the waiver provision and inquired specifically

2

whether petitioner understood that he was agreeing to waive his right to challenge a sentence at or below 168 months. (Plea 13-14.) Petitioner indicated that he did. (Id.)

In any case, petitioner's ineffective assistance claims fail on the merits. Although a complete transcript of the sentencing proceeding is unavailable, the government has provided to the Court the Pre-Sentence Report, addendum and objection letters, and the Judgment. Based on the available materials, it is clear that Judge Raggi could not have arrived at a sentencing range of 108-135 months without affording petitioner safety valve relief from the otherwise applicable 120 month (ten year) mandatory minimum. Moreover, the record plainly indicates that all documents were translated into Spanish. At the plea allocution, Judge Raggi confirmed that the plea agreement had been translated. In addition, as indicated in the available pages of the sentencing transcript, Judge Raggi suspended the proceedings to allow petitioner to review an addendum to the PSR with counsel and the court-appointed interpreter. The government has also provided a sworn affirmation from petitioner's counsel stating that all documents were read to petitioner by a Spanish translator.

## Conclusion

The motion is denied, and the petition is dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 20, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

3